IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL WARREN FLOWERS, | ) | |
| | ) | |
| Plaintiff, | ) | 8:16CV110 |
| | ) | |
| v. | ) | |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | MEMORANDUM OPINION |
| Commissioner of the Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on plaintiff's motion for order reversing Commissioner's decision (Filing No. 18) and defendant's motion to affirm Commissioner's decision (Filing No. 20). The Acting Commissioner of Social Security (the "Commissioner") denied Michael Warren Flowers' ("plaintiff" or "Flowers") request for disability insurance benefits. After careful review of the briefs, the entire record before the Court, and the applicable law, the Court finds that the Commissioner's decision should be affirmed.

**I. Background**

On July 22, 2012, plaintiff applied for disability insurance benefits with the Social Security Administration (Filing No. 12-2 at 12). Plaintiff's claims were denied initially and upon reconsideration (*Id.*). A hearing was conducted before an Administrative Law Judge ("ALJ") on August

21, 2014 (*Id*.). The ALJ held that plaintiff was not disabled under the Social Security Act and denied plaintiff disability insurance benefits (*Id*. at 23). The Appeals Council denied plaintiff's request for review making the ALJ decision the final decision of the Commissioner (*Id*. at 2). On March 11, 2016, the plaintiff filed a complaint with the Court seeking judicial review of the Commissioner's decision (Filing No. 1).

**II. Standard of Review**

The Commissioner's decision will be affirmed "if the record contains substantial evidence to support it." *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision." *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). "In determining whether existing evidence is substantial, [a court should] consider evidence that detracts from the Commissioner's decision as well as evidence that supports it." *Hutsell v. Massanari*, 259 F.3d 707, 711 (8th Cir. 2001). If the record reveals substantial evidence supporting the Commissioner's decision, then that decision should not be reversed merely because "substantial evidence exists in the record that would have supported a different outcome." *Hutsell*, 259 F.3d at 711.

Finally, the claimant "bears the burden of proving disability." *Teague v. Astrue*, 638 F.3d 611, 615 (8th Cir. 2011).

**III. Discussion**

The plaintiff moves the Court to reverse the Commissioner's decision (Filing No. 18). The parties agree that the specific issues before the Court are whether

> the ALJ (1) was required to give Mr. Flowers' treating source's opinions controlling weight; (2) whether the ALJ properly evaluated the materiality of Mr. Flowers' alcoholism pursuant to SSR 13-2p; (3) whether the ALJ properly determined alcoholism to be a contributing factor material to the disability determination; and (4) whether the ALJ fulfilled her duty to fairly and fully develop the record.

Filing No. 19 at 11; *see also* Filing No. 21 at 7.

**A. Weight Given to Treating Source's Opinion**

Plaintiff argues that the ALJ erred in not giving Dr. Nitcher's opinions, as a treating source, controlling weight (Filing No. 19 at 13). Flowers asserts that the ALJ did not allege inconsistency between Dr. Nitcher's opinions and other substantial evidence in the record (*Id*. at 15). Plaintiff further argues that the ALJ failed to provide good reasons for giving Dr. Nitcher's opinions less than controlling weight (Filing *Id*. at 17).

-3-

A treating physician's opinion "will be granted controlling weight, provided the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record." *Singh v. Apfel*, 222 F.3d 448, 452 (8th Cir. 2000); 20 C.F.R. §§ 404.1527(c)(2) and 416416.927(c)(2).  An "ALJ may give a treating doctor's opinion limited weight if it provides conclusory statements only, or is inconsistent with the record."  *Samons v. Astrue*, 497 F.3d 813, 817-18 (8th Cir. 2007) (internal citations omitted).

The Court has reviewed plaintiff's arguments assigning error to the ALJ in failing to give Dr. Nitcher's opinions controlling weight.  Based upon a thorough review, the Court is satisfied that substantial evidence and good reasons support the ALJ's credibility determinations with regard to Dr. Nitcher's opinions.

**B. Determination of Materiality of Plaintiff's Alcoholism**

While plaintiff cites two issues dealing with the materiality of Flowers' alcoholism (Filing No. 19 at 11), plaintiff addresses both of these issues in one section of his brief.  *See* Filing No. 19 at 18-21.  Accordingly, the Court will address the application of SSR 13-2p and the determination of

Flowers' alcoholism as a contributing factor material to his disability determination together.

First, plaintiff argues that the ALJ ignored policy dictated in SSR 13-2 evidenced by omitting the policy from the decision (Filing No. 19 at 18). The Court disagrees. The required content of an ALJ's decision with regard to SSR 13-2p is addressed in the policy itself. *See* SSR 13-2p, ¶ 14(a) (requiring adjudicators to provide "sufficient information so that a subsequent reviewer considering all of the evidence in the case record can understand the reasons for the . . . findings whenever [Drug Addiction and Alcoholism] materiality is an issue."). The Court is satisfied that the ALJ's decision provides sufficient information for subsequent review in accordance with SSR 13-2p.

Next, the plaintiff argues that the ALJ improperly determined the materiality of plaintiff's alcoholism (Filing No. 19 at 18-21). Plaintiff argues that the ALJ's decision is unsupported by substantial evidence to support a finding that Flowers' alcoholism is contributing factor material to his disability. *See id.* Plaintiff asserts that the ALJ improperly relied upon evidence from treatments for co-occurring mental health issues and substantial evidence from outside of highly structured treatment environments (*Id.* at 18-21).

In determining whether alcoholism is a contributing material factor to the determination of disability, "[t]he key factor . . . is whether [the Commissioner] would still find [the plaintiff] disabled if [the plaintiff] stopped using drugs or alcohol." 20 C.F.R. §§ 404.1535(b)(2), 416.935(b)(2). SSR 13-2p provides the policy for the Social Security Administration in determining the materiality of alcoholism. This SSR provides an analytical outline of how a materiality determination is made. *See* SSR 13-2p.

The Court finds that the ALJ's materiality determination regarding Flowers' alcoholism is supported by substantial evidence. Furthermore, the Court is satisfied that the ALJ's decision comports with the requirements of SSR 13-2p.

**C. Development of the Record**

Plaintiff argues that the ALJ erred by not fully and fairly developing the record (Filing No. 19 at 21). Plaintiff argues that the ALJ should have clarified what Flowers perceived as an ambiguity in Dr. Nitcher's opinion as well as obtain further information from lay witness testimony regarding Flowers' ability to work if sober (*Id*. at 22-23). Finally, the plaintiff argues that the ALJ prematurely determined the outcome of Flowers' case (*Id*. at 23).

The claimant has the burden to prove disability and to provide evidence with regard to the existence and severity of an impairment. *Kamann v. Colvin*, 721 F.3d 945, 950 (8th Cir. 2013) (citing *Snead v. Barnhart*, 360 F.3d 834, 836 (8th Cir. 2004)); 20 C.F.R. § 404.1512. "'[A]n ALJ is permitted to issue a decision without obtaining additional medical evidence so long as other evidence in the record provides a sufficient basis for the ALJ's decision.'" *Kamann*, 721 F.3d at 950 (quoting *Naber v. Shalala*, 22 F.3d 186, 189 (8th Cir. 1994)).

The Court is satisfied that the ALJ fully and fairly developed the record. In addition, the Court finds substantial evidence contained within the entire record to support the ALJ's determination that Flowers' alcoholism is a contributing factor material to his disability determination. Accordingly, the Court will affirm the final decision of the Commissioner. A separate order will be issued in accordance with this memorandum opinion.

DATED this 25th day of January, 2017.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court